**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSHUA PRAYLOR, | § | |
| (TDCJ-CID #1128305) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-06-1956 |
| | § | |
| TDCJ HEALTH AND CLINIC | § | |
| SERVICE DIVISION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Joshua Praylor, a Texas Department of Criminal Justice inmate, sued in June 2006, alleging a denial of medical care.  Praylor, proceeding *pro se*, sued the TDCJ Health and Clinic Service Division and a number of health-care providers affiliated with TDCJ.  The threshold issue is whether Praylor's complaint is barred by the three-strikes provision of 28 U.S.C. § 1915(g).

**I.     Background**

Praylor states that he is a preoperative transsexual who has lived as a female for eight years.  Praylor explains that before his incarceration, he had received treatment for gender identity disorder/gender dysphoria.  (Docket Entry No. 1, Complaint, p. 7).  For the four years preceding his incarceration, Praylor was prescribed estrogen treatment and Paxil for depression.

P:\CASES\2006\06-1956\06-1956.a03.wpd

Praylor alleged he was transferred from the Harris County Jail to the TDCJ-CID in November 2000. When Praylor arrived at the TDCJ-CID, prison officials told him that the TDCJ-CID would not treat his gender identity dysphoria because it was not life-threatening and was not viewed as medically necessary. (*Id.* at 8). Praylor previously challenged this decision in a lawsuit that was dismissed as frivolous after a hearing held under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

In this suit, Praylor seeks an injunction requiring the reinstatement of treatment he had prescribed for his gender identity dysphoria before he came to TDCJ. Alternatively, Praylor seeks an evaluation by a qualified medical or psychiatric professional. He also seeks $190,000 for personal injuries; $450,000 for nominal and punitive damages; $300,000 for exemplary and compensatory damages; $300,000 for emotional injuries; $200,000 for economic and noneconomical damages; and $175,000 for medical malpractice. Finally, Praylor seeks a new TDCJ-CID policy that provides for the diagnosis and treatment of gender identity dysphoria.

## II.   Analysis

A prisoner may not bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Before filing this action, Praylor had at least three suits dismissed as frivolous. *Praylor v. Fitzrandolph,* 6:03-CV-

00436 (W.D. Tex.) (dismissed as frivolous on July 2, 2004); *Praylor v. TDCJ,* 6:04-CV-00058 (W.D. Tex.) (dismissed as frivolous on July 21, 2004); and *Praylor v. Fitzrandolph,* Appeal No. 04-50684 (5th Cir.) (dismissed as frivolous on March 21, 2005).

In the present case, Praylor complains of a denial of treatment for gender identity dysphoria that began in November 2002. The TDCJ-CID has determined that this condition is not life-threatening and that it will not be treated during Praylor's incarceration. Praylor has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Accordingly, Praylor is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action.

A federal district court has supplemental jurisdiction over all other claims that are so related to claims in the action within its original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). The court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Because the court has dismissed Praylor's section 1983 claims, the court declines to exercise supplemental jurisdiction over the claims he asserts based on state law.

## III.   Conclusion

Praylor's application to proceed as a pauper, (Docket Entry No. 3), is denied. The complaint filed by Joshua Praylor (TDCJ-CID #1128305), is dismissed under 28 U.S.C. § 1915(g). All pending motions are denied.

The Clerk is directed to provide a copy to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and Clerk of Court, United States District Court for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, attention: Betty Parker, or via E-mail at Betty_Parker/TXED/05/USCOURTS.

SIGNED on June 19, 2006, at Houston, Texas.

Lee H. Rosenthal
United States District Judge